Bow, J.
• The plaintiff in this action filed its petition for the appropriation of-a strip of ground off the west side of the defendants’ *233 property, averring’ in tlie petition that it was necessary for the purpose of enlarging the school house site. The defendants in this action claim that the ground is not necessary for the purpose of enlarging the school house site, and that no legal reason exists for the appropriation. While the statute does not provide in so many words that in a case of this character certain jurisdictional questions must be determined by the court, as is set forth where an appropriation is made by a private eorporaiion. and while the authorities in this state seem to be at variance on that question, one common pleas court holding that the probate court has nothing to do with the preliminary questions where it is a public corporation, another common pleas court, holding that the probate court should determine the preliminary questions, this court is of the opinion after an examination of all the authorities found upon the subject, together .with the opinion of the best text-book -writers on the subject, that it is the duty of the court before ordering a jury to be summoned to determine four propositions, all of which this court regards as jurisdictional: First, that the school board has passed the necessary resolution; second, its inability to agree with the owner on the question of price; third, the necessity for the appropriation for the purpose described in the petition; and fourth, that all parties having an interest in the property haw; been legally notified.
While it may not be an absolute necessity' to pass upon these questions at the time of the hearing for the ordering of a jury, yet they are questions which may be taken advantage of before the jury is impanneled, 'and in order that no unnecessary costs should be made, I prefer to pass upon the questions at this time. I base my holding largely upon the 7th C. C., 293; 7 N. P., 295, and 48 Ohio State, 273, and it is the judgment of the court that while under the law of this state a school board like the .plaintiff has full power under the statute to appropriate property for the purpose of enlarging the school site, that before they can so appropriate, a necessity therefor must exist.
In this pi’oceeding testimony was admitted upon the four preliminary propositions heretofore mentioned; and upon the question of necessity, the testimony of a member of the school board shows that the ground sought to be appropriated is not now needed for building purposes, is not now needed for play *234 ground purposes, and is not in fact required for any particular purpose connected with the school, but that the owner is about to erect a blacksmith’s shop upon this strip of ground, the business of which might be so conducted as to interfere with the proper conduct of the school, and the erection of which would detract from the appearance of the school property. The question then arises, does that create a necessity under the law? I am of the opinion that it does not, and it is the judgment of the court that at this time, at least, no necessity exists for enlarging the school site, and, there being no necessity, the plaintiff does not come within the provision of the law. This being the opinion of the court, the petition of the plaintiff will be dismissed.